Filed 7/31/26  Shia v. Thomas CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| LILY SHIA,<br><br>　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>KENDRA THOMAS,<br><br>　　　　Defendant and Respondent. | B344456<br><br>(Los Angeles County<br>Super. Ct. No.<br>23VECV05138) |

APPEALS from an order and a judgment of the Superior Court of Los Angeles County, Virginia Keeny and Wendy L. Wilcox, Judges. Appeal from order dismissed; judgment affirmed.

Lily Shia, in pro. per., for Plaintiff and Appellant.

Miller Waxler, Randall A. Miller and Jeanette Chu for Defendant and Respondent.

_____

Appellant Lily Shia sued respondent Kendra Thomas over actions Thomas took as court-appointed counsel for Shia's minor child. Thomas moved to quash service of summons; later, she moved to strike Shia's complaint as a Strategic Lawsuit Against Public Participation (SLAPP).  (Code Civ. Proc., §§ 418.10, 425.16.)[1]  The trial court granted both motions.

Thomas submitted to the court's jurisdiction when she moved to strike the complaint.  Because Thomas made a general appearance, we dismiss as moot Shia's appeal from the order quashing service.  On de novo review of the anti-SLAPP motion, we conclude (1) Shia's complaint arises from First Amendment petitioning activity, and (2) Shia cannot prevail on the merits.  We affirm the judgment.

## FACTS AND PROCEDURAL HISTORY
### The Underlying Family Court Case

Shia's husband Gunther filed for dissolution of marriage in 2015. In 2019, the court appointed Thomas to represent the couple's child, I.S, in a "high conflict parenting situation;" gather evidence bearing on I.S.'s best interests; conduct interviews; and determine if mental health evaluations were warranted.  Thomas had an attorney-client relationship with I.S. and did not allow Shia or Gunther to participate in interviews to avoid pressuring the child.

In 2021, the court gave Gunther sole legal custody of I.S. Gunther obtained primary physical custody of I.S. in 2022; the order was affirmed in *In re Marriage of Shia* (July 30, 2024, B324260 [nonpub. opn.].)

In 2023, Thomas closed her law office to become a commissioner of the Los Angeles County Superior Court.  Shia and Gunther stipulated to relieve Thomas as minor's counsel.  The court approved the stipulation.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

## Shia Sues Thomas

Acting in propria persona, Shia filed suit against Thomas. She alleged that Thomas's negligence in the custody dispute caused her emotional distress. Thomas intentionally harmed Shia by, among other things, "Ignoring my pregnancy," "Lying about UCLA doctor," "Not interviewing [I.S.] with me"; and "Lying about move-away." At a case management conference, the court observed that Thomas was not served with process.

Appearing specially, Thomas moved to quash Shia's failed attempts at service. The court found service was not properly effectuated and granted Thomas's motion. During the hearing, Thomas's attorney agreed to accept service of the summons and complaint on Thomas's behalf.

## Thomas Moves to Strike the Complaint

Thomas filed a special motion to strike. She argued (1) the conduct alleged in the complaint arose from petitioning activity, and (2) Shia cannot prevail because Thomas's actions on behalf of I.S. are protected by the litigation privilege.

In opposition to Thomas's motion, Shia asserted that her complaint did not arise from protected activity but from Thomas's "breach of professional duties in her role as minor's counsel." Shia wrote that Thomas "made multiple false and unverified assertions in open court" in the underlying family court case.

Shia believed gross negligence and ethical violations are not protected petitioning activity, and that she has standing to sue as I.S.'s parent. Without offering a declaration or admissible evidence, Shia asserted that she would prevail because Thomas's false statements influenced the court's decision to change custody, which distressed Shia and disrupted her relationship with I.S. At the hearing on the motion, Shia said her lawsuit is based on "gross negligence and professional misconduct and breach of ethical duty."

## The Trial Court's Ruling

The court found Thomas showed her activities and communications arose in a matter before a judicial body. Next, it found

Shia cannot prevail because Thomas's activities are protected by the litigation privilege. Shia offered no evidence to support her claims. The court granted the motion and awarded attorney fees. Judgment was entered for Thomas on March 12, 2025.

## DISCUSSION

### Appeal From the Order Quashing Service

Shia appealed the order granting the motion to quash service. (§ 904.1, subd. (a)(3).) We asked the parties to brief whether the appeal is moot. (Gov. Code, § 68081.) A reviewing court may raise the question of mootness sua sponte. (*Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 865.) An appeal cannot be maintained if the issue raised has " 'become moot by subsequent acts or events.' " (*Id.* at p. 866.)

In supplemental briefs, the parties agree that the order quashing service is moot. Thomas concedes she made a general appearance. (See *Li v. Yan* (2016) 247 Cal.App.4th 56, 65 [general appearance in an action waives a claimed jurisdictional defect].) The trial court decided Shia's lawsuit on the merits. Because the case reached final judgment, we dismiss as moot Shia's appeal from the order quashing service. (*Consolidated Vultee Aircraft Corp. v. United Automobile, Aircraft & Agricultural Implement Workers of America Local 904* (1946) 27 Cal.2d 859, 862–863.)

### Appeal From the Order Striking the Complaint

1. **Overview of Section 425.16**

The anti-SLAPP law curbs "lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a).) Courts must strike causes of action arising from a defendant's exercise of First Amendment rights unless plaintiff shows a probability of prevailing on the claim. (*Id.*, subd. (b)(1).) The law is construed "broadly" (*id.,* subd. (a)) as "a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384 (*Baral*).) An order granting an anti-SLAPP motion is appealable.

4

(§ 425.16, subd. (i).) Review is de novo. (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788.)

A two-step analysis is done. The defendant must first show plaintiff's claims arise from First Amendment activity. If constitutional rights are affected, the burden shifts to the plaintiff to show a probability of prevailing on the merits. Claims are stricken if plaintiff's showing is insufficient to sustain a favorable judgment. (*Baral, supra,* 1 Cal.5th at p. 396; *Olson v. Doe* (2022) 12 Cal.5th 669, 678–679.) Courts consider "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).)

## 2.    First Amendment Petitioning Activity

The first prong of the SLAPP analysis focuses on "the defendant's *activity* that gives rise to his or her asserted liability" (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 92) and "whether the cause of action is *based on* the defendant's protected speech or petitioning activity." (*Id.* at p. 89.) This includes "any written or oral statement" in a judicial proceeding or in connection with an issue under consideration or review by a judicial body, and "any other conduct in furtherance of the exercise of the constitutional right of petition." (§ 425.16, subd. (e)(1), (2), (4).)

Shia does not deny that conduct alleged in the complaint arose from the family court proceeding. She nonetheless argues that her complaint is "**Not Wholly Based on Protected Activity**," reasoning, "gross negligence in handling a vulnerable client's affairs, failure to implement basic safety practices, racial slurs, or mishandling property—does not arise from protected petitioning activity even if the misconduct occurs in a litigation context."

Shia is mistaken. "Under the plain language of section 425.16, subdivisions (e)(1) and (2), . . . all communicative acts performed by attorneys as part of their representation of a client in a judicial proceeding or other petitioning context are per se protected as petitioning activity by the anti-SLAPP statute." (*Cabral v. Martins* (2009) 177 Cal.App.4th 471, 479–480; *Finton Construction, Inc. v. Bidna & Keys, APLC* (2015) 238 Cal.App.4th 200, 210 (*Finton*).) The

5

statute encompasses litigation pursued "with a malicious motive and without probable cause." (*Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1088.)

Shia's opposition to the motion states that her claims arise from Thomas's "breach of professional duties in her role as minor's counsel" and "**Ethical Violations**." Section 425.16 protects attorneys "representing clients in litigation." (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056 (*Rusheen*).) " '[C]onduct that would otherwise come within the scope of the anti-SLAPP statute does not lose its coverage . . . simply because it is *alleged* to have been unlawful or unethical.' " (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 285.)

Shia's lawsuit falls squarely within section 425.16, which applies to "a nonclient who alleges causes of action against someone else's lawyer based on that lawyer's representation." (*Thayer v. Kabateck Brown Kellner LLP* (2012) 207 Cal.App.4th 141, 158.) Shia did not show Thomas's conduct was "illegal as a matter of law." (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 317.) Thomas's actions and communications while representing I.S. are petitioning activity connected to a judicial proceeding.

## 3. Probability of Prevailing

Shia must show a probability of prevailing to defeat the motion to strike. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) This step of the analysis requires admissible evidence; plaintiff cannot rely on "allegations in the complaint or conclusory statements." (*Finton, supra,* 238 Cal.App.4th at p. 213.) The defendant prevails by showing it can defeat plaintiff's claims as a matter of law. (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 891.)

Though "minimal merit" is needed to survive an anti-SLAPP motion (*Navellier v. Sletten, supra,* 29 Cal.4th at p. 89), Shia cannot make a minimal merit showing here.

First, Shia failed to substantiate her claims. She did not submit a declaration documenting misconduct unrelated to the underlying custody dispute or harm she suffered. She offers only argument, not admissible evidence.

6

Second, Shia cannot prevail because she lacks standing to sue. The family court appointed Thomas to represent I.S. Thomas owed no independent legal duty to Shia, who was not a third-party beneficiary of Thomas's legal services. (See *De Meo v. Cooley LLP* (2025) 115 Cal.App.5th 17, 38–39 [a nonclient may sue as the intended beneficiary of legal work an attorney was retained to perform].)

Third, the litigation privilege bars Shia's claims. (Civ. Code, § 47.) It applies to communications made (1) in judicial proceedings; (2) by litigants or other participants; (3) to achieve litigation objectives; (4) with "some connection or logical relation to the action." (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212.)

Civil Code section 47 affords "free access to the courts without fear of being harassed subsequently by derivative tort actions"; encourages "zealous advocacy"; gives "finality to judgments"; avoids "unending litigation"; "is absolute and applies regardless of malice"; and " 'has been given broad application.' " (*Rusheen, supra,* 37 Cal.4th at p. 1063.) The privilege "may present a substantive defense a plaintiff must overcome to demonstrate a probability of prevailing." (*Flatley v. Mauro, supra,* 39 Cal.4th at p. 323.)

In opposition to the motion to strike, Shia claimed Thomas made false and unverified assertions in the custody dispute. False assertions made in court are privileged. (*Pollock v. University of Southern California* (2003) 112 Cal.App.4th 1416, 1430–1431 [a false declaration "is exactly the sort of communication the privilege is designed to protect"].) "[T]he litigation privilege extends to fraudulent statements, even when made to a court, if they were made in furtherance of litigation" because " ' "[t]he 'furtherance' requirement was never intended as a test of a participant's motives, morals, ethics or intent." ' " (*Herterich v. Peltner* (2018) 20 Cal.App.5th 1132, 1141 [lawsuit for fraud against an attorney, arising from prior litigation]; *Silberg v. Anderson, supra,* 50 Cal.3d at p. 220.)

At base, Shia is disappointed with the family court custody decision; however, she cannot sue Thomas for her role as I.S.'s attorney. Shia cannot prevail because the litigation privilege is an absolute

defense to her claims.  (*Bergstein v. Stroock & Stroock & Lavan LLP* (2015) 236 Cal.App.4th 793, 814 [if the litigation privilege precludes liability, a plaintiff cannot show a probability of prevailing].)

**4.      Denial of a Continuance**

The anti-SLAPP statute allows a court to order specified discovery upon a plaintiff's written request.  (§ 425.16, subd. (g).)  "If the plaintiff makes a timely and proper showing in response to the motion to strike, that a defendant or witness possesses evidence needed by plaintiff to establish a prima facie case, the plaintiff must be given the reasonable opportunity to obtain that evidence through discovery before the motion to strike is adjudicated."  (*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 37 Cal.App.4th 855, 868.)  The court may "continu[e] the hearing to a later date so that the discovery it authorized can be completed where a reasonable exercise of judicial discretion dictates the necessity therefor."  (*Ibid.*)

Shia admittedly did not request discovery under section 425.16, subdivision (g).  Instead, she sought a continuance, saying she had to appear at another trial; was affected by wildfires that caused power outages and harmed her child's health; and needed time to address personal and legal matters and prepare for the hearing.

During the hearing on the motion to strike, Shia belatedly sought discovery to prove Thomas's communications and filings in family court "directly affected our judge's decision on custody."  The request was untimely.  Even if Shia had timely requested discovery, the information she sought is either barred by the attorney-client privilege or falls within the litigation privilege.

**5.      Attorney Fees**

A defendant who prevails on a motion to strike "shall be entitled to recover" attorney fees.  (§ 425.16, subd. (c)(1).)  Shia does not challenge the amount of the trial court's attorney fee award to Thomas. The fee award stands because we uphold the judgment upon which it is based.  As the prevailing party on appeal, Thomas is entitled to a reasonable amount of attorney fees for services rendered on appeal. (*Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1499–1500; *Wilkerson v.*

*Sullivan* (2002) 99 Cal.App.4th 443, 447–448; California Rules of Court, rule 3.1702(c).) Recovery is limited to time spent researching and writing the portion of the brief addressing the section 425.16 motion, not the motion to quash.

## DISPOSITION

The appeal from the order quashing service is dismissed as moot. The judgment entered pursuant to Code of Civil Procedure section 425.16 is affirmed. Respondent is entitled to recover attorney fees and costs as the prevailing party on appeal.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

CHAVEZ, J.

GOORVITCH, J.